**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **1. JACK ALEXANDER,**<br>**as the Personal Representative**<br>**of the Estate of**<br>**JAMES ALEXANDER,**<br>**Deceased,** | ) ) ) ) ) ) | |
| | ) | **Civil Action No.**  15-CV-267-JED-TLW |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | |
| **1. CREEK COUNTY PUBLIC**<br>   **FACILITIES AUTHORITY,**<br>**2. ADVANCED CORRECTIONAL,**<br>   **HEALTHCARE, INC.** | ) ) ) ) ) ) | |
| **Defendant(s).** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Jack Alexander, as the Personal Representative of the

Estate of James Alexander, deceased, by and through his attorneys, Gregory J. Denney, Esq.,

Carla R. Stinnett, Esq., and G. Gene Thompson, Esq., of DENNEY & STINNETT, P.L.L.C., and for

his claims against the Defendants, alleges and states as follows:

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 to secure

protection of and to redress deprivation of rights secured by the Eighth and Fourteenth

Amendments to the United States Constitution as enforced by 42 U.S.C. § 1983, which provides

for the protection of all persons in their civil rights and the redress of deprivation of rights under

color of law.

2.	The jurisdiction of this Court is also invoked under 28 U.S.C. § 1331 to resolve a controversy arising under the Constitution and laws of the United States, particularly the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

3.	The jurisdiction of this Court is also invoked under 28 U.S.C. § 1332 to resolve a controversy sitting in diversity, with damages in excess of $75,000.00 with at least one party of diverse citizenship.

4.	This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, since the claims form part of the same case or controversy arising under the United States Constitution and federal law.

5.	Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6.	Plaintiff, Jack Alexander (hereinafter "Plaintiff"), at all times material to this complaint, was a resident of Creek County in the State of Oklahoma, the next of kin, and now duly appointed Personal Representative of the Estate of James Alexander, deceased in Creek County District Court Case No. B-PB-2013-0031. The survival causes of action in this matter are based on violations of James Alexander's rights under the Eighth and/or Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and under Oklahoma State Law.

7.	Defendant Creek County Public Facilitates Authority (hereinafter "Authority"), is a public subdivision of the State of Oklahoma and is responsible for ensuring the safety and well-being of inmates detained and housed at the Creek County Justice Center (hereinafter "County

Jail"), including, but not limited to, the provision of appropriate medical care and treatment to inmates in need of such care, pursuant to 57 O.S. § 47.

8.      Defendant Advanced Correctional Healthcare, Inc. (hereinafter "ACH"), is a foreign corporation, incorporated in the State of Illinois, and doing business in the State of Oklahoma, and was at all times mentioned in this complaint, the medical provider for the County Jail. During the time that the acts and omissions complained of herein, ACH was acting in such capacity as the agent, servant, and employee of the Authority. ACH is sued as a corporate entity doing business in the Northern District of Oklahoma.

## FACTUAL ALLEGATIONS

9.      Plaintiff hereby incorporates paragraphs 1 - 8 as though fully set forth herein.

10.      The Authority is, and was during the time period at issue, the final policymaker for all material conduct of the Creek County Detention Center and its employees. There is no person or entity who has authority over the Authority. Therefore, all acts, customs, policies, practices, failure to train and failure to supervise its employees alleged herein are attributable to the Authority.

11.      Both within the applicable statute of limitations, and presumptively for many years prior thereto, the Authority has been in charge of the County Jail, where its unconstitutional policies and procedures or failure to enact or enforce constitutional policies and procedures have allowed inmates to be withheld treatment and/or medication that is necessary for their health and personal wellbeing.

12.      All the conduct alleged herein by the Authority and its employees was performed while acting under color of law and within the meaning of 42 U.S.C. § 1983.

13.    ACH was contracted to provide some or all of the medical needs to the Authority during the applicable time periods. ACH was, at all times relative hereto, responsible, in part or in whole, for providing medical services and any needed medication to Mr. Alexander while in the custody of the Authority. ACH was additionally responsible, in part or in whole, for implementing County Jail policies and procedures regarding medical treatment, and assisting developing those policies and training and supervising its employees and/or agents.

14.    Recognizing the extraordinary vulnerability of persons who are inmates of a county jail for any reason and the Authority's responsibility to provide care for any serious injury or serious medical needs, the State of Oklahoma and United States Constitutions and Oklahoma common law require that proper medical attention and/or medication be provided.

15.    It is further alleged that the Authority has failed to enact a policy and/or procedure to evaluate, treat, and protect inmates from injuries sustained at the County Jail.

16.    It is further alleged that the Authority had a policy, custom, or practice of allowing an environment for its employees to refuse to provide treatment and/or protections for those exhibiting traumatic injuries.

17.    It is further alleged that the Authority, or its administration, committed a deliberate indifference to the Constitutional Rights of the decedent set forth herein, and/or the direct and proximate cause of the damages sought by the Plaintiff.

18.    It is further alleged that the Authority, or its administration, contracted and advised ACH to provide medical care and medication to its inmates and detainees. The Authority, in doing so, allowed ACH to become a policymaker regarding medical services and/or distribution of medicine. Additionally, budgetary restrictions and/or selecting an unqualified

medical administrator constitute a deliberate indifference to the constitutional rights of the decedent and/or are the direct and proximate cause of the damages sought by the Plaintiff.

19.     ACH, as a non-governmental entity, is not entitled to be considered a state or political subdivision. Therefore, their ineffective or inappropriate actions, which include improper policies and procedures and/or failing to provide prompt and adequate medical treatment and supervision, arise to negligence.

20.     On or about May 11, 2013, James Alexander, a 49 year old, Native American male was an inmate at the County Jail.

21.     Although several accounts have been tendered for how it occurred, on or about May 11, 2013, James Alexander suffered a head injury. No medical treatment, and or medication was administered to James Alexander.

22.     Over the next couple of days, decedent was exhibiting strange mannerisms, possibly hallucinations, and an ataxic gait. He clearly had a head injury and clearly exhibited a need for medical treatment. Plaintiff's medical condition seriously deteriorated from his initial injury of May 11, 2013 until he was transported by Creek County Emergency Ambulance to St. John Medical Center, in Tulsa, OK on May 14th, 2013.

23.     Upon arrival at the hospital, a CT scan was performed and it was determined James Alexander had a brain bleed. The bleed resulted in a large, subdural hematoma and herniation of his brain.

24.     James Alexander remained unconscious and died at 20:35 on May 17, 2013.

25.     Rather than respond to the immediate medical needs that were obviously apparent and known by the Defendants herein, each responded with deliberate indifference to James

Alexander's physical condition by denying him any evaluation or treatment by a competent medical professional after his head trauma.

26.    From the time of James Alexander's head injury, it was known and obvious that he needed assessment and/or treatment related to the apparent head injury. Defendants failed to provide James Alexander with adequate and timely medical care, as required by 57 O.S § 47, in deliberate indifference to his health and safety. Defendants' deliberate indifference to the excessive risks to James Alexander's health and safety was a direct and proximate cause of his death.

27.    Based on the foregoing allegations, Authority and/or ACH was deliberately indifferent and/or negligent to the Constitutional rights of the damages sought by the Plaintiff set forth herein, by and through their identified acts and/or failures to act. Additionally, under Oklahoma Constitutional law, the Authority is liable for any negligent acts in violation of the Oklahoma Constitutional rights afforded to the decedent as allowable by law.

**FIRST CAUSE OF ACTION**
*Deprivation of Federal Civil Rights*
*42 U.S.C. § 1983*
*All Defendants*

28.    Plaintiff hereby incorporates paragraphs 1 - 27 as though fully set forth herein.

29.    Defendants knew James Alexander suffered a serious head injury. James Alexander had prior medical issues made known to the Defendants prior to his death. His prior medical history exacerbated the results of the head trauma.

30.    Nonetheless, Defendants disregarded the known and obvious risks to James Alexander's health and safety.

31.     Defendants failed to provide any assessment of James Alexander's probable head trauma or provide adequate medical treatment, as required by 57 O.S § 47, in deliberate indifference to James Alexander's serious medical needs, health and safety.

32.     As a direct and proximate result of Defendants' conduct, James Alexander experienced physical pain, loss of his life, and the damages alleged herein.

33.     As a direct and proximate result of Defendants' conduct, James Alexander's heirs have suffered damages, including, but not limited to, pecuniary loss (including lost wages), loss of consortium, grief, loss of companionship, pain and suffering and are entitled to damages including, but not limited to, damages allowable under Oklahoma's wrongful death statue. Additionally, Plaintiff is entitled to attorney fees, costs of this action, interest as provided by law, and other such relief as is just and proper.

**SECOND CAUSE OF ACTION**
*Deprivation of Federal Civil Rights*
*42 U.S.C. § 1983*
*Creek County Public Facilities Authority*

34.     Plaintiff hereby incorporates paragraphs 1 -33 as though fully set forth herein.

35.     The acts and omissions for which the Defendant, Authority, is liable for in addition to the above described acts include, but are not limited to, the following:

A.      The establishment of a policy, practice and custom within the County Jail to omit and/or fail to provide training and supervision regarding the adequate and timely medical and mental evaluations and treatment of citizens in their custody to prevent cruel and unusual physical pain and suffering of citizens in his custody;

B.      These deliberate omissions and failures created within the County Jail, an atmosphere of lawlessness in which employees treat their wards with deliberate indifference for the mental and physical needs of the wards including the need for proper

medical treatments and evaluation, in belief that such acts will be condoned and justified by their superiors;

      C.      The establishment of a policy, practice and custom within the County Jail authorizing such unconstitutional conduct, or alternatively, implicitly authorizing a policy encouraging such unconstitutional conduct as outlined above, or alternatively failing to correct a custom of tolerating such unconstitutional conduct. The individual deputies and employee defendants acted pursuant to an authorized policy and/or custom of the County Jail in effecting the deprivation of James Alexander's civil rights, and those unconstitutional or illegal actions were ratified by final policymakers; and,

      D.      These acts and omissions on the part of Authority outlined above constitute a deliberate indifference to the constitutional rights of the citizens in his custody, including James Alexander, and was the direct and proximate cause of violations of James Alexander's constitutional rights.

36.     These acts and omissions on the part of Authority outlined above violate clearly established statutory and/or constitutional rights of which a reasonable person would have known.  Authority knew and/or it was obvious that the maintenance of the aforementioned policies, practices and/or customs posed an excessive risk to the health and safety of inmates like James Alexander.

37.     Authority disregarded the known and/or obvious risk to the health and safety of inmates like James Alexander.

38.     There is an affirmative link between the unconstitutional acts of Authority's subordinates and Authority's adoption and/or maintenance of the aforementioned policies, practices, and/or customs.

39.     As a direct and proximate result of the aforementioned policies, practices, and/or customs, James Alexander and his heirs suffered injuries and damages as alleged herein including, but not limited to, damages allowable under Oklahoma's wrongful death statue. Additionally, Plaintiff is entitled to attorney fees, costs of this action, interest as provided by law, and other such relief as is just and proper.

## THIRD CAUSE OF ACTION
### *Deprivation of Federal Civil Rights*
### *42 U.S.C. § 1983*
### *Advanced Correctional Healthcare, Inc.*

40.     Plaintiff hereby incorporates paragraphs 1 - 39 as though fully set forth herein.

41.     ACH is a "person" for purposes of 42 U.S.C. § 1983.

42.     At all times pertinent hereto, ACH was acting under color of state law.

43.     The acts and omissions for which the Defendant, ACH, is liable for in addition to the above described acts include, but are not limited to, the following:

A.      Authority entered into an agreement under which ACH would be the medical provider for the medical needs of inmates at the County Jail;

B.      One or more ACH medical provider(s) are consistently, or should be consistently, on site at the jail for the specific purpose of being present to provide needed medical services to inmates; and,

C.      The deliberate indifference of ACH to James Alexander's injuries demonstrated ACH has failed to establish a policy or practice within ACH and/or failed to provide proper training and adequate supervision regarding the proper medical treatment of inmates who are in need of medical care.

44.     These acts and omissions on the part of ACH outlined above violate clearly established statutory and/or constitutional rights of which a reasonable person would have

known. ACH knew and/or it was obvious that the maintenance of the aforementioned policies, practices and/or customs posed an excessive risk to the health and safety of inmates like James Alexander.

45.     ACH disregarded the known and/or obvious risk to the health and safety of inmates like James Alexander.

46.     ACH tacitly encouraged, ratified, and/or approved of the acts and/or omissions alleged herein, knew (and/or it was obvious) that such conduct was unjustified and would result in violations of constitutional rights, and was deliberately indifferent to the serious medical needs of inmates like James Alexander.

47.     As a direct and proximate result of the aforementioned policies, practices, and/or customs, James Alexander and his heirs suffered injuries and damages as alleged herein including, but not limited to, damages allowable under Oklahoma's wrongful death statue. Additionally, Plaintiff is entitled to attorney fees, costs of this action, interest as provided by law, and other such relief as is just and proper.

## FOURTH CAUSE OF ACTION
### *Negligence/Wrongful Death*
### *All Defendants*

48.     Plaintiff hereby incorporates paragraphs 1 - 47 as though fully set forth herein.

49.     Defendants owed a duty to James Alexander, and all other inmates in custody, to use reasonable care to provide inmates in need of medical attention with appropriate assessment, evaluation, treatment and supervision.

50.     Defendants breached that duty by failing to provide James Alexander with timely and adequate medical assessment, evaluation, treatment and supervision despite the obvious need.

51.     Defendants' breaches of the duty of care include, *inter alia*, the failure to: provide any assessment of James Alexander's probable head trauma; provide timely or adequate medical treatment for James Alexander; conduct appropriate medical assessment; promptly evaluate and transfer James Alexander to an appropriate and qualified medical facility; and provide adequate monitoring or supervision of James Alexander's condition.

52.     As a direct and proximate cause of Defendants' negligence, James Alexander experienced physical pain, loss of his life, and the damages alleged herein.

53.     As a direct and proximate result of Defendants' conduct, James Alexander's heirs have suffered damages, including, but not limited to, pecuniary loss (including lost wages), loss of consortium, grief, loss of companionship, pain and suffering and are entitled to damages including, but not limited to, damages allowable under Oklahoma's wrongful death statue. Additionally, Plaintiff is entitled to attorney fees, costs of this action, interest as provided by law, and other such relief as is just and proper.

## PUNITIVE DAMAGES

54.     Plaintiff hereby incorporates paragraphs 1 – 53 as though fully set forth herein.

55.     Plaintiff is entitled to punitive damages on all claims where Defendants' conduct, acts and omissions alleged herein constitute reckless disregard for James Alexander's rights and where punitive damages are allowable by law.

**WHEREFORE**, based on the foregoing, Plaintiff prays that this Court grant the relief sought, including, but not limited to, compensatory damages, actual damages, attorney's fees, costs and interest, in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand

Dollars ($75,000.00), reasonable attorney fees, and all other relief deemed appropriate by this Court.

Respectfully Submitted:


/s/ Carla R. Stinnett
Carla R. Stinnett, Esq. OBA No. 19532
Gregory J. Denney, Esq. OBA No. 17918
G. Gene Thompson, Esq. OBA No. 31243
DENNEY & STINNETT, P.L.L.C.
301 East Dewey Avenue
Sapulpa, Oklahoma 74066
Telephone: (918) 227-1177
Facsimile:  (918) 227-1197
Email: greg@gregdenneylaw.com
        carla@gregdenneylaw.com
        gene@gregdenneylaw.com
**ATTORNEYS FOR PLAINTIFF**


**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**